J. TREDWELL RICHARDS and ALFRED S. BROWN, Appellants, *v.* NORMAN S. WASHBURN, JR., and Others, Respondents.

*Attorneys' services — compensation for, where performance is prevented by their own acts in not obeying their clients.*

In an action brought by certain attorneys to recover for their services, it appeared that they were employed by the defendants to examine the title, and to procure a policy insuring the title, to property upon which a loan was to be made to their clients, the defendants, to be secured by their bond and a mortgage on the property. At the instance of the lender, and contrary to the directions of their own clients, they inserted a "receivers' clause" in the mortgage which their clients thereupon refused to sign. The policy was consequently not obtained nor was the loan completed.

*Held,* that the attorneys were not entitled to recover for their services.

APPEAL by the plaintiffs, J. Tredwell Richards and Alfred S. Brown, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 26th day of November, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

The complaint in this action alleged, in substance, that the defendants, having previously agreed with a client of the plaintiffs (one

Harbeck) to borrow a sum of money to be secured by a bond and mortgage upon certain premises, employed the plaintiffs to examine the title to said premises, including the procuring of searches and a policy of title insurance; that the plaintiffs examined the title, procured the searches, and were ready and willing and offered to procure the policy, but that the defendants refused to accept such policy and prevented the plaintiffs from procuring the same, and that the defendants refused to pay the amount which they had agreed to pay for the plaintiffs' services.

The action has already been before the Appellate Division on a former appeal (*Richards* v. *Washburn*, 14 App. Div. 237).

*J. Tredwell Richards*, for the appellants.

*Wm. H. Sage*, for the respondents.

RUMSEY, J.:

Upon the former appeal it was held that if the plaintiffs were acting as attorneys for the defendants it was their duty to obey the defendants' instructions, and, when requested, they should have omitted the receiver's clause which they put into the mortgage, and if they were acting for Harbeck it was their duty to disclose that fact to the defendants; and if, omitting that duty, they were not able to procure the policy of insurance because they followed Harbeck's instructions, they had failed to perform their contract, and in either case they were not entitled to recover. There is no question in this case as to the employment of the plaintiffs by the defendants, but it is established by the evidence, as it was established upon the former trial, that, having been employed by the defendants to procure the policy of insurance, they insisted, at the direction of Harbeck, in inserting in the mortgage the provision for the receiver against the instructions of the defendants, and that that insistence was the reason why the policy of insurance was not obtained and the loan not completed. The case is precisely, therefore, within the reasoning of the former decision, and it must be affirmed upon its authority. (*Richards* v. *Washburn*, 14 App. Div. 237.)

The judgment must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, PATTERSON and McLAUGHLIN, JJ., concurred.

BARRETT, J. (concurring):

The plaintiffs' contract with Mr. Washburn called for the procurement by them, for the defendants, of a policy of title insurance, as part of the services for which they were to receive the round sum of $110. They could only recover this sum upon showing that they had performed the services in their entirety. They acknowledge that they failed so far as this policy of insurance was concerned, but they insist that their failure in that particular was because of the defendants' fault in not signing a mortgage which they had prepared for them. There was, however, no such fault on the defendants' part for the reason that the mortgage which they drew was not an ordinary one, but was an oppressive instrument. The defendants were not called upon, nor should the plaintiffs have asked them, to sign it. It follows that the plaintiffs failed to fully perform their contract, and their failure resulted from their own fault, not the defendants'. Having failed to show full performance, or any fact excusing full performance, their complaint was properly dismissed, and the judgment should, therefore, be affirmed, with costs.

Judgment affirmed, with costs.